UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYAN D. MIZE, | CASE NO. C11-1245 MJP |
| Plaintiff, | ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| JPMORGAN CHASE BANK NA, and NORTHWEST TRUSTEE SERVICES, INC., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's ex parte motion for a temporary restraining order and preliminary injunction. (Dkt. No. 4.) Having reviewed the motion and all related papers, and having held a hearing on August 4, 2011 with Plaintiff and counsel for Defendant Northwest Trustee Services, the Court GRANTS the motion for temporary restraining order.

**Background**

Plaintiff alleges that JPMorgan Chase Bank NA is improperly attempting to foreclose on his home in Lynnwood. Plaintiff obtained an adjustable rate loan from Washington Mutual Bank

1   on January 5, 2007 in the amount of $320,000.  (Ex. B to Complaint.)  A deed of trust was

2   recorded for the loan, No. 3011430703-048, on January 16, 2007 in Snohomish County, naming

3   Washington Mutual Bank, FA as the lender and the beneficiary on the deed of trust.  (Ex. A to

4   Compl. at 1-2.)  Chicago Title Insurance Company is named as the Trustee.  (Id. at 2.)  On

5   September 25, 2008, JPMorgan acquired the assets of Washington Mutual Bank from the FDIC,

6   including all real estate assets.  (Ex. Q to Compl.)  On April 7, 2010, JPMorgan Chase, acting as

7   "purchaser of the loans and other assets of Washington Mutual Bank," appointed Northwest

8   Trustee Services, Inc. as the successor trustee on Plaintiff's deed of trust.  (Ex. E to Compl.)

9          Plaintiff alleges that the loan is not owned by JPMorgan, but that Freddie Mac owns it.

10  He points to a debt collection letter from Routh Crabtree Olsen on behalf of JPMorgan Chase, as

11  evidence that Freddie Mac owns the loan.  (Ex. F. to Compl.)  On the third page, a blank form

12  states "Freddie Mac Loan Number 417138164."  (Id. at 3.)  The Court cannot find that loan

13  number on the deed of trust or any of the other loan documents.  Elsewhere, Plaintiff has

14  provided a printout of a webpage from Freddie Mac, which state "Yes. Our records show that

15  Freddie Mac is the owner of your mortgage."  (Ex. M to Compl.)  However, the printout does not

16  indicate that it relates to Plaintiff, his mortgage, or the note on which JPMorgan is foreclosing.

17  There are in fact no identifiers on the document.

18         In a letter dated March 16, 2010, JPMorgan sent Plaintiff a Notice of Default, stating that

19  the amount owed to cure the payment defaults was $22,186.97.  (Ex. D to Compl. at 2.)

20  JPMorgan identified itself as the owner of the note/beneficiary, and the loan servicer "as

21  purchaser of the loans and other assets of Washington Mutual Bank, formerly known as

22  Washington Mutual Bank, FA."  (Id. at 3.)  Routh Crabtree Olsen, P.S., also sent Plaintiff a letter

23  dated March 16, 2010, in which it stated it was working with JPMorgan to collect the debt

24

ORDER GRANTING MOTION FOR
TEMPORARY RESTRAINING ORDER- 2

1  Plaintiff owed on his home in Lynnwood.  (Ex. F to Compl.)  The letter provided Plaintiff with

2  information about how to apply for a loan modification.

3         Plaintiff sent a qualified written request, dispute of debt and demand for validation to

4  Washington Mutual, as well as the Office of Comptroller of the Currency ("OCC").  (Ex. K to

5  Compl.)  JPMorgan obtained notice of the request from the OCC, and sent a response to Plaintiff

6  in a letter dated June 2, 1010.  (Ex. L to Compl.) The letter informed Plaintiff that "JPMorgan

7  Chase Bank, N.A. acquired certain assets of Washington Mutual, including the servicing rights

8  to your loan." (Id. at 1.)  The letter did not explain how Chase became the beneficiary, just the

9  servicer of the loan.

10        Northwest Trustee Services sent Plaintiff a notice of trustee's sale dated April 16, 2010,

11  stating that Plaintiff's home would be sold on July 16, 2010.  (Ex. H to Compl.)  The sale was

12  pushed back to November 29, 2010.  (Ex. I to Compl.)  At an unspecified time, Plaintiff initiated

13  bankruptcy proceedings, and Routh Crabtree Olsen, on behalf of Northwest Trustee, sought an

14  order lifting the stay so that it could commence foreclosure proceedings.  (Ex. J to Compl.)

15  Plaintiff has not clarified the outcome of the bankruptcy proceedings.  The Court has reviewed

16  the bankruptcy court's docket and determined that the Court granted Northwest Trustee's motion

17  for relief from the stay on August 24, 2010.  In re Mize, No. 10-16354-KAO, Dkt. No. 50 (W.D.

18  Wash. Bankr. Aug. 24, 2010).

19        In a notice dated April 29, 2011, Northwest Trustee Services recorded notice of the

20  trustee sale slated for August 5, 2011. (Ex. C to Compl.)  The amount claimed due to reinstate

21  the loan is $42,890.32.  (Id. at 2.)   The minimum monthly payments are $1,945.56.  Plaintiff

22  filed his complaint on July 27, 2011, and his motion for a TRO and preliminary injunction on

23  August 1, 2011.  Northwest Trustee has appeared, but JPMorgan has not.  Plaintiff has not filed a

24

certificate of service on either Defendant, although at the hearing Plaintiff contends he served
JPMorgan and gave it a copy of the motion for TRO/preliminary injunction.

**Analysis**

A.    Standard

The Court considers four factors in examining Plaintiff's request for a temporary
restraining order ("TRO"):  (1) likelihood of success on the merits, (2) likelihood of irreparable
harm, (3) the balance of equities, and (4) the public interest.  Winter v. Nat'l Res. Def. Council,
Inc., __ U.S. ___, 129 S.Ct. 365, 374 (2008); see also Toyo Tire Holdings of Americas Inc. v.
Continental Tire, 609 F.3d 975, 982 (9th Cir. 2010).

B.    Likelihood of Success

Plaintiff claims that Northwest Trustees violated the Washington Deed of Trust Act
("DTA") by recording a notice of trustee sale without it being a validly appointed successor
trustee, and that JPMorgan is not the proper beneficiary.   The Court finds a likelihood of
success.

The thrust of Plaintiff's claim is that JPMorgan is not the proper beneficiary of the note
and that the assignment of Northwest Trustee as the successor trustee was invalid.  He claims
that Freddie Mac is possibly the holder of the note and beneficiary.  Neither JPMorgan nor
Northwest Trustee has filed any proof of ownership of the note.  From the documents submitted
by Plaintiff, it could be that Freddie Mac owns the loan.  (See Ex. F. to Compl. at 3.)  The Court
recognizes that JPMorgan may have acquired the note from Washington Mutual when it
purchased Washington Mutual's assets from the FDIC.  The purchase and assumption agreement
explicitly states that JPMorgan "hereby purchases from the Receiver . . . all right, title, and
interest of the Receiver in and to all of the assets (real, person and mixed, wherever located and

however acquired). . . ." (Ex. Q to Compl. at § 3.1.) However, on the record before it, the Court cannot be certain that JPMorgan is the proper beneficiary or that Northwest Trustee is the proper trustee. The Court therefore finds it possible Plaintiff can succeed on his claims at this state of the proceedings.

C.      Irreparable Harm, Balance of Equities, and Public Interest

The Court finds that Plaintiff has satisfied the remaining three elements required to justify issuance of the TRO. See Winter, 129 S.Ct. at 374. First, the Court finds Plaintiff faces irreparable harm if the foreclosure sale commences tomorrow. Once out of his home, his chances of returning are unclear. Second, the balance of equities tips in Plaintiff's favor. The harm to Defendants appears to be largely the cost of renoting the foreclosure sale and lost potential income from the sale, while the harm to Plaintiff in the loss of his house is substantial. Third, the public's interest is served by ensuring the non-judicial foreclosure process is run according to Washington law.

D.      TRO Issuance

The Court GRANTS Plaintiff's request for a TRO and enjoins the foreclosure sale slated for August 5, 2011. The Court does not find a preliminary injunction to be proper, given that JPMorgan has not appeared. The Court therefore issues a TRO that shall expire 14 days from entry of this order. However, the TRO will only be in effect if Plaintiff complies with the following three conditions by 4:00 pm, today, August 4, 2011:

1.  Plaintiff must deposit into the Court's registry the minimum monthly payment owing of $1949.56.

2.  Plaintiff must post a security bond of $1,000.00. This cannot be in the form of a personal check. It must be a cashier's check, a money order, or similar payment.

1      3.   Plaintiff must file on the docket proof of service of his complaint on JPMorgan.

2   If Plaintiff fails to comply with any of these conditions, the TRO shall not issue and the sale will

3   not be enjoined.

4          The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

5          Dated this 4th day of August, 2011.

6

7

8                                              _____
                                               Marsha J. Pechman
9                                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION FOR
TEMPORARY RESTRAINING ORDER- 6