HONORABLE MARSHA J. PECHMAN

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BRYAN D. MIZE,

            Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.;
NORTHWEST TRUSTEE SERVICES,

            Defendants.

NO. 2:11-CV-01245-MJP

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.

COMES NOW the defendant, JPMorgan Chase Bank, N.A. (hereinafter "Chase") by and through its attorneys of record, Bishop, White, Marshall & Weibel, P.S. and Ann T. Marshall and submits the following Answer and Affirmative Defenses to Plaintiff's Complaint.

I.   Jurisdiction, Venue and Parties

1.1.   Answering paragraph 1.1 of Plaintiff's complaint, Chase admits that the Plaintiff has alleged violations of federal statutes and that the above Court has jurisdiction. Chase denies that any and all violations occurred, and further denies the remaining allegations therein.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT
JPMORGAN CHASE BANK, N.A.- 1
#2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

1.2     Answering paragraph 1.2 of Plaintiff's complaint, Chase admits that the deed of trust and real property described therein are the subject of the complaint. Chase denies the remaining allegations contained therein.

1.3     Answering paragraph 1.3 of Plaintiff's complaint, Chase admits that it acquired certain assets and rights of Washington Mutual Bank by and through the FDIC, that it is subject to the jurisdiction of the above entitled Court, although not for the reasons stated therein, and that defendant Northwest Trustee Services commenced a nonjudicial foreclosure of the deed of trust described in Paragraph 1.2 of the Plaintiff's Complaint. Chase denies the remaining allegations therein.

1.4     Answering paragraph 1.4 of Plaintiff's complaint, Chase denies that NWTS is the agent of Chase.  Chase admits that NWTS issued a Notice of Sale as evidenced by that Notice recorded under Snohomish County Auditor's File No. 201105040102.  Chase lacks sufficient information to admit or deny the remaining allegations therein, and therefore denies the same.

## II.     Background Facts and History

2.1     Answering paragraph 2.1 of Plaintiff's complaint, Chase admits that the loan identified therein is the subject of the lawsuit.  Chase admits that the subject promissory note and deed of trust speak for themselves, and for that reason, denies the Plaintiff's characterizations of the same.  Chase denies the remaining allegations contained therein.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.- 2
#2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

2.2     Answering paragraph 2.2 of Plaintiff's complaint, Chase admits that the loan identified therein is the subject of the lawsuit.  Chase admits that the subject promissory note and deed of trust speak for themselves, and for that reason, denies the Plaintiff's characterizations of the same.  Chase denies the remaining allegations contained therein.

2.3     Answering paragraph 2.3 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.4.1   Answering paragraph 2.4.1 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein at this time and therefore denies the same.

2.4     Answering paragraph 2.4 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.5     Answering paragraph 2.5 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein at this time and therefore denies the same.

2.6     Answering paragraph 2.6 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.6.1.1 Answering paragraphs in 2.6.1 of plaintiff's complaint, Chase denies the allegations contained therein.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.- 3
#2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

2.6.1.2 Does not appear to contain any allegations, but if so, Chase denies such allegations contained therein.

2.6.2.1 Answering paragraph in 2.6.2.1 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.6.2.2 Answering paragraph 2.6.2.2, Chase denies the allegations contained therein.

2.6.2.3 Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein, and therefore denies the same.

2.6.3 Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein, and therefore denies the same.

2.7 Answering paragraph 2.7 of plaintiff's complaint, Chase admits that the Plaintiff filed bankruptcy in June of 2010, and that Chase by and through counsel moved for relief from stay. Chase lacks sufficient information or knowledge to admit or deny the remaining allegations contained therein and therefore denies the same.

2.7.1.1 and 2.7.1.2 Answering paragraphs 2.7.1.1 and 2.7.1.2 of plaintiff's complaint, Chase denies the allegations contained therein.

2.7.2.1 Answering paragraph 2.7.2.1 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.7.2.2 Answering paragraph 2.7.2.2 of plaintiff's complaint, Chase denies the allegations contained therein.

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

2.7.2.3 Answering paragraph 2.7.2.3 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.7.3 Answering paragraph 2.7.3 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.8.1 Answering paragraphs 2.8.1, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.8.1.1 Answering paragraph 2.8.1.1, Chase denies the allegations contained therein.

2.8.1.2 Does not appear to contained any allegations, but Chase denies the allegations contained therein.

2.8.2.1 Answering paragraphs 2.8.2.1, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.8.2.2 Answering 2.8.2.2 of plaintiff's complaint, Chase denies the allegations contained therein.

2.8.3 Answering 2.8.3 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.- 5
#2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

2.9     Answering paragraphs 2.9 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.10    Answering paragraphs 2.10 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.11    Answering paragraphs 2.11 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

2.12    Answering paragraphs 2.12 of plaintiff's complaint, Chase admits it has responded in the past to the plaintiff, and that such responses speak for themselves. Chase therefore denies the plaintiff's characterizations of such responses. Chase denies any remaining allegations contained therein.

2.13    Answering paragraphs 2.13 of plaintiff's complaint, Chase denies that Freddie Mac is the owner of the subject loan. Chase denies the remaining allegations contained therein.

### III.    Plaintiff's Claims

3.1.1   Answering paragraph 3.1.1, Chase incorporates its previous answers as though set forth fully herein.

3.1.2   Answering paragraph 3.1.2 of plaintiff's complaint, Chase denies the allegations contained therein.

3.1.3   Answering paragraph 3.1.3 of plaintiff's complaint, Chase denies the allegations contained therein.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT
JPMORGAN CHASE BANK, N.A.- 6
#2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

3.1.4   Answering paragraph 3.1.4 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.1.5   Answering paragraph 3.1.5 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.1.6   Answering paragraph 3.1.6 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.1.7   Answering paragraph 3.1.7 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.1.8   Answering paragraph 3.1.8 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.1.9   Answering paragraph 3.1.9 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.1.10   Answering paragraph 3.1.10 of plaintiff's complaint, Chase denies the allegations contained therein.

3.1.11   Answering paragraph 3.1.11 of plaintiff's complaint, Chase denies the allegations contained therein.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT
JPMORGAN CHASE BANK, N.A.- 7
#2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

3.1.12   Answering paragraph 3.1.12 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.2.1   Answering paragraph 3.2.1 of plaintiff's complaint, Chase incorporates its previous answers as though set forth fully herein.

3.2.2   Answering paragraph 3.2.2 of plaintiff's complaint, Chase denies the allegations contained therein.

3.2.3   Answering paragraph 3.2.3 of plaintiff's complaint, Chase denies the allegations contained therein.

3.2.4   Answering paragraph 3.2.4 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.2.5   Answering paragraph 3.2.5 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained against NWTS therein and therefore denies the same.  Chase denies the allegations against it.

3.3.1   Answering paragraph 3.3.1 of plaintiff's complaint, Chase incorporates its previous answers as though set forth fully herein.

3.3.2   Answering paragraph 3.3.2 of plaintiff's complaint, Chase denies the allegations contained therein.

3.3.3   Answering paragraph 3.3.3 of plaintiff's complaint, Chase denies the allegations contained therein.

3.4.1   Answering paragraph 3.4.1 of plaintiff's complaint, Chase incorporates its previous answers as though set forth fully herein.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.- 8
#2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

3.4.2   Answering paragraph 3.4.2 of plaintiff's complaint, Chase denies the allegations contained therein.

3.4.3   Answering paragraph 3.4.3 of plaintiff's complaint, Chase denies the allegations contained therein.

3.4.4   Answering paragraph 3.4.4 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein against NWTS and therefore denies the same.  Chase denies the allegations against it.

3.5.1   Answering paragraph 3.5.1 of plaintiff's complaint, Chase incorporates its previous answers as though set forth fully herein.

3.5.2   Answering paragraph 3.5.2 of plaintiff's complaint, Chase denies the allegations contained therein.

3.5.3   Answering paragraph 3.5.3 of plaintiff's complaint, Chase denies the allegations contained therein.

3.6.1   Answering paragraph 3.6.1 of plaintiff's complaint, Chase incorporates its previous answers as though set forth fully herein.

3.6.2.1 Answering paragraph 3.6.2.1 of plaintiff's complaint, plaintiff primarily alleges legal theory and therefore no response is required.  To the extent a response is required, Chase denies the allegations contained therein.

3.6.2.2 Answering paragraph 3.6.2.2 of plaintiff's complaint, Chase denies the allegations contained therein.

3.6.3.1 Answering paragraph 3.6.3.1 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT
JPMORGAN CHASE BANK, N.A.- 9
#2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

3.6.3.2 Answering paragraph 3.6.3.2 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.6.3.3 Answering paragraph 3.6.3.3 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.6.3.4 Answering paragraph 3.6.3.4 of plaintiff's complaint, Chase denies the allegations contained therein.

3.6.3.5 Answering paragraph 3.6.3.5 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.6.3.6 Answering paragraph 3.6.3.6 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.6.4.1 Answering paragraph 3.6.4.1 of plaintiff's complaint, Chase denies the allegations contained therein.

3.6.4.2 Answering paragraph 3.6.4.2 of plaintiff's complaint, Chase denies the allegations contained therein.

3.6.4.3 Answering paragraph 3.6.4.3 of plaintiff's complaint, Chase denies the allegations contained therein.

3.6.4.4 Answering paragraph 3.6.4.4 of plaintiff's complaint, Chase denies the allegations contained therein.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT
JPMORGAN CHASE BANK, N.A.- 10
#2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

3.6.4.5 Answering paragraph 3.6.4.5 of plaintiff's complaint, Chase denies the allegations contained therein.

3.6.4.6 Answering paragraph 3.6.4.6 of plaintiff's complaint, Chase denies the allegations contained therein.

3.6.5   Answering paragraph 3.6.5 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein against NWTS and therefore denies the same.  Chase denies the allegations against it.

3.7.1   Answering paragraph 3.7.1 of plaintiff's complaint, Chase incorporates its previous answers as though set forth fully herein.

3.7.2   Answering paragraph 3.7.2 of plaintiff's complaint, Chase denies the allegations contained therein.

3.7.3   Answering paragraph 3.7.3 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.7.4   Answering paragraph 3.7.4 of plaintiff's complaint, Chase denies the allegations contained therein.

3.7.5   Answering paragraph 3.7.5 of plaintiff's complaint, Chase denies the allegations contained therein.

3.7.6   Answering paragraph 3.7.6 of plaintiff's complaint, Chase denies the requested relief and claims therein.

3.8.1   Answering paragraph 3.8.1 of plaintiff's complaint, Chase denies the allegations contained therein.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.- 11
#2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

3.8.1.1 Answering paragraph 3.8.1.1 of plaintiff's complaint, Chase denies the allegations contained therein.

3.8.1.2 Answering paragraph 3.8.1.2 of plaintiff's complaint, Chase denies the allegations contained therein.

3.8.1.3 Answering paragraph 3.8.1.3 of plaintiff's complaint, Chase denies the allegations contained therein.

3.8.1.4 Answering paragraph 3.8.1.4 of plaintiff's complaint, Chase denies the allegations contained therein.

3.8.1.5 Answering paragraph 3.8.1.5 of plaintiff's complaint, Chase denies the allegations contained therein.

3.8.1.6 Answering paragraph 3.8.1.6 of plaintiff's complaint, Chase lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same.

3.8.1.6.1    Answering paragraph 3.8.1.6.1 of plaintiff's complaint, Chase denies the allegations contained therein.

3.8.1.7 Answering paragraph 3.8.1.7 of plaintiff's complaint, Chase denies the relief requested and claims therein.

4.1 – 4.8  Chase denies the relief requests and claims set forth therein.

## IV.  Affirmative Defenses

Chase realleges its foregoing Answers and further allege the following Affirmative Defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.- 12
#2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

2. Chase expressly reserves the right to add additional affirmative defenses as they determine to be appropriate at any time in the future.

### V. Prayer for Relief

Having fully answered each and every allegation contained in Plaintiff's Complaint and stated their Affirmative Defenses, Chase prays the Court enter judgment:

1. That the Court allow Defendant Chase to amend its answers, assert additional defenses, or assert other claims as further information is obtained;

2. Dismissing Plaintiff's Complaint, with prejudice;

3. That the Court award attorney fees and costs to Chase as consistent with the terms of the note and deed of trust that form the basis of defendant's security, and other applicable law.

4. Granting such other and further relief as the Court may determine to be just, equitable, or fair.

DATED this 29th day of August, 2011.

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.


    /s/Ann T. Marshall
Ann T. Marshall, WSBA #23533
Attorneys for JP Morgan Chase Bank, NA

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.- 13
#2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354