UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYAN D. MIZE,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., et al.,<br><br>Defendants. | CASE NO. C11-1245 MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND GRANTING THE STIPULATED MOTION TO EXTEND DEADLINES |

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 29) and the parties' stipulated motion to extend the case deadlines (Dkt. No. 33). Having reviewed the motion to compel, the response (Dkt. No. 31), the reply (Dkt. No. 32), and all related papers, the Court GRANTS in part and DENIES in part the motion. The Court GRANTS the motion to extend the trial date and case deadlines as set out below.

**Background**

Plaintiff asks the Court to order Defendant JP Morgan Chase to respond fully to his requests for production ("RFP"). Although Plaintiff was accommodating of a late response from

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL AND
GRANTING THE STIPULATED MOTION TO
EXTEND DEADLINES- 1

Defendant Chase, he claims that the production he received was in inadequate. The Court agrees in part, as set out below in response to each request for production.

**Analysis**

A. <u>RFP 1</u>

Plaintiff has requested a copy of any purchase agreement between WaMu and the purchaser of Plaintiff's promissory note. Defendant Chase has produced a copy of the purchase and assumption agreement between WaMu and Chase, which is not wholly responsive to Plaintiff's request. The Court thus GRANTS the motion as to this RFP and orders Defendant Chase to provide all documents that are responsive to the actual request.

B. <u>RFP 2</u>

Plaintiff seeks production of all endorsements and conveyances of his promissory note to show a chain of title. Plaintiff claims Defendant Chase has not provided any responsive documents. It does not appear Defendant Chase made an adequate response. The Court thus GRANTS the motion as to this RFP and orders Defendant Chase to make a full responsive production.

C. <u>RFP 3</u>

Plaintiff seeks production of copies of servicing agreements between WaMu and any purchaser of his promissory note. Defendant Chase states that no such agreements exist. The Court DENIES this RFP. It does not appear Defendant Chase's response is inadequate on this issue.

D. <u>RFP 4</u>

Plaintiff seeks production of copies of servicing agreements between Chase and any current or past owners of his of his promissory note. Defendant Chase states that no such

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL AND
GRANTING THE STIPULATED MOTION TO
EXTEND DEADLINES- 2

agreements exist. The Court DENIES this RFP. It does not appear Defendant Chase's response is inadequate on this issue.

E. RFP 5

Plaintiff seeks copies of insurance policies related to the promissory note and/or any security instrument that includes his note. Defendants objects to this RFP as being vague, ambiguous and not likely to lead to discoverable evidence. The Court DENIES the motion on this issue. The request does not seek relevant materials.

F. RFP 6

Plaintiff seeks records of payments disbursed by the service to the owner, holder, and beneficiary of the note. Defendant objects to this as vague, ambiguous, and not reasonably calculated to lead to discoverable materials, and that it also does not have access to such information. The Court DENIES the motion on this issue. The RFP does not appear to seek relevant materials and the Court accepts Defendant Chase's statement that it does not possess such information.

G. RFP 7

This RFP is MOOT, as Defendant Chase satisfied this RFP.

H. RFP 8

Plaintiff seeks a copy of the purchase agreement between the FDIC and Chase regarding Chase's acquisition of WaMu, including attached exhibits. Defendant Chase produced this, but Plaintiff claims it withheld any exhibits. There is no indication such exhibits exist. The Court DENIES the motion on this issue and finds the RFP satisfied.

I. RFP 9

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL AND
GRANTING THE STIPULATED MOTION TO
EXTEND DEADLINES- 3

1    Plaintiff requests custodial agreements governing the custodian of the note.  Defendant

2 objects to this as vague, ambiguous, and not reasonably calculated to lead to discoverable

3 materials, and that it also does not have access to such information.  The Court GRANTS this

4 aspect of Plaintiff's motion.  Chase must produce those documents it has in its control that are

5 responsive.

6  J.    RFP 10

7    Plaintiff requests all forms 1034 regarding the custodial agreement related to his Note.

8 Defendant objects to this as irrelevant.  Plaintiff convinces the Court that this may lead to

9 information showing where his Note is held.  The Court GRANTS this request.  Chase must

10 produce this information.

11  K.    RFP 11

12    Plaintiff requests all forms 1036 regarding the custodial agreement related to his Note.

13 Defendant objects to this as irrelevant.  Plaintiff convinces the Court that this may lead to

14 information showing where his Note is held.  The Court GRANTS this request.  Chase must

15 produce this information.

16  L.    RFP 12

17    Plaintiff seeks all records associated with his loan in the MIDANET or Freddie Mac

18 Selling Platforms. Defendant objects to this as irrelevant.  Plaintiff has convinced the Court that

19 this may lead to the discovery of relevant materials and GRANTS the motion on this issue.

20 Defendant Chase must produce responsive documents.

21  M.    RFP 13

22    Plaintiff seeks screenshots of all computer servicing records of his mortgage.  Defendant

23 has produced some screenshots, but Plaintiff claims they are not current.  Defendant is ordered to

24
ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL AND
GRANTING THE STIPULATED MOTION TO
EXTEND DEADLINES- 4

produce current screenshots responsive to this RFP.  The Court GRANTS this aspect of the motion.

N.	Extension of Deadlines

The parties have separately moved for an extension of the case deadlines.  The Court finds good cause and GRANTS this request.  It extends the trial (1-2 day bench trial) to December 17, 2012 and sets the following interim deadlines:

1. Discovery Motions are due by June 29, 2012.
2. Discovery must be completed by July 20, 2012.
3. Dispositive motions are due by August 17, 2012.
4. The Settlement conference required by Local Rule CR 39.1(c)(2) must be held by no later than October 18, 2012.
5. Mediation as required by Local Rule CR 39.1(c)(3) must be held by no later than November 13, 2012.
6. All motions in limine must be filed by November 13, 2012.
7. The Agreed Pretrial Order is due by December 5, 2012
8. The Pretrial Conference is set for December 7, 2012 at 1:30 PM
9. Trial briefs, proposed Findings of Fact, Conclusions of Law, and trial exhibits are due by December 12, 2012.

These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND GRANTING THE STIPULATED MOTION TO EXTEND DEADLINES- 5

## Conclusion

The Court GRANTS in part and DENIES in part Plaintiff's motion to compel. On all RFPs for which the Court has ordered Chase to respond, Chase is ORDERED to provide renewed responses within 14 days of entry of this order. The Court declines to award costs or any further sanctions. The Court finds good cause and GRANTS the parties stipulated request to extend the case deadline. Trial is set for December 17, 2012 and the interim deadlines are changed as set out above.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated this 14th day of June, 2012.

_____
Marsha J. Pechman
United States District Judge

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL AND
GRANTING THE STIPULATED MOTION TO
EXTEND DEADLINES- 6