HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

7

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10  BRYAN D. MIZE,

11                                    Plaintiff,          NO.  2:11-cv-01245-MJP

12          vs.                                           JPMORGAN CHASE BANK, N.A.'S
                                                          MOTION FOR SUMMARY
13  JPMORGAN CHASE BANK, N.A.;                            JUDGMENT
    NORTHWEST TRUSTEE SERVICES,
14                                                        NOTE ON MOTIONS CALENDAR
                                      Defendants.         SEPTEMBER 14, 2012
15

16

17

18          COMES NOW Defendant JPMorgan Chase Bank, National Association ("Chase"),

19  by and through its attorneys of record Bishop, White, Marshall & Weibel, P.S., and

20  respectfully moves the Court for Summary Judgment pursuant to CR 56, dismissing

21  Plaintiff's claims with prejudice.   In so doing, Chase also joins and incorporates the

22  Motion for Summary Judgment previously filed by Northwest Trustee Services.

23

24

25  JPMORGAN CHASE BANK'S MOTION           BISHOP WHITE, MARSHALL & WEIBEL, P.S.
    FOR SUMMARY JUDGMENT- 1                       720 OLIVE WAY, SUITE 1201
    No.: 2:11-cv-01245-MJP                        SEATTLE, WASHINGTON 98101-1801
                                                  206/622-5306  FAX:  206/622-0354

## I.   INTRODUCTION

This case comes before the Court on Chase's Motion for Summary Judgment seeking dismissal of Plaintiff's claims against it.  There are no issues of material fact in this matter, and Chase is entitled to judgment as a matter of law.  Plaintiff does not dispute that his loan is in default.  Rather, his entire Complaint is premised upon his assertion that Chase is not entitled to enforce the Note which obligates him to pay his loan.  This allegation is incorrect, and Chase is entitled to dismissal of Plaintiff's claims against it.

Specifically, Plaintiff's claims against Chase should be dismissed for the following reasons:

First, the foreclosure proceedings that were initiated against Plaintiff's property have been cancelled.  Thus, any of his claims relating to the foreclosure are moot.

Second, even if Plaintiff's foreclosure-related claims were not moot, Chase did not violate the Deed of Trust Act.

Third, Plaintiff's claims under Real Estate Settlement Procedures Act (RESPA) are without merit since Plaintiff's communication to Chase is not a Qualified Written Request (QWR) for the purposes of the act, and even if it was, Chase responded to it appropriately.

Fourth, Plaintiff's Truth In Lending Act (TILA) claim is barred by the statute of limitations, because he received the letter that he alleges creates the basis for his claim more than a year prior to filing his Complaint.   Even if it wasn't time-barred, his TILA

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 2
No.: 2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

claim is baseless, since Chase provided all the information Plaintiff requested, and that is required under the statute.

Fifth, Plaintiff's Fair Debt Collections Practices Act (FDCPA) claims fail as a matter of law because Chase is not a "debt collector" as defined by the statute, and, to the extent that his claims relate to the cancelled foreclosure, they are without merit because foreclosure activities are not covered by the Act.

Sixth, Plaintiff's Fair Credit Reporting Act (FCRA) claims are without merit because Plaintiff does not have a private right of action against Chase for failure to accurately report to the Credit Reporting Agencies.  Even if such a claim was available to him, Chase's reports to the Credit Reporting Agencies were accurate.    A private right of action is only available when a borrower has disputed a debt to the *Credit Reporting Agencies*, not the furnisher of credit, which Plaintiff has not done here.  Thus, Plaintiff cannot bring a claim against Chase under the FCRA.

Finally, Plaintiff cannot maintain an action for a Consumer Protection Act (CPA) violation, because Chase did not engage in any deceptive or unfair practice, and Plaintiff has not been damaged.  Thus, his claims fail as a matter of law.

Ultimately, there are no issues of material fact remaining in this case, and Chase is entitled to judgment as a matter of law dismissing Plaintiff's claims against it.

## II.    RELIEF REQUESTED

Pursuant to CR 56, Chase moves for summary judgment on all of Plaintiff's claims against it.    Chase is entitled to judgment dismissing Plaintiff's claims as a matter of law.

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 3
No.: 2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

### III.   STATEMENT OF FACTS

On January 5, 2007, Plaintiff entered into an agreement with Washington Mutual Bank, F.A. ("WaMu") for a loan in the principal amount of $320,000.00.  The loan is memorialized by an Adjustable Rate Note dated on the same day (the "Note").  Complaint, Ex. B.  The Note is secured by a Deed of Trust encumbering that certain real property commonly known as 20908 48th Avenue West, Lynnwood, Washington (the "Property").  Complaint, Ex. A.  The Deed of Trust is dated January 5, 2007, and was recorded on January 16, 2007, under Snohomish County Auditor's file no. 200701160657.  Complaint, ¶ 1.2.

The Deed of Trust identifies WaMu as the Lender and Beneficiary and Chicago Title Insurance Co. as the Trustee.  Complaint, Ex. A.  The Deed of Trust included a provision that grants the Trustee the power of sale of the Property:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and… (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale the [Property].

*Id.*, p. 3.

Plaintiff's loan is now owned by Freddie Mac and serviced by Chase.  Complaint 2.12.  Plaintiff defaulted on his loan by failing to make a number of monthly payments.  In or around April 2, 2010, Chase appointed Northwest Trustee Services, Inc. as the Successor Trustee to Plaintiff's Deed of Trust.  The Assignment of Successor Trustee was recorded on April 7, 2010, under Snohomish County Auditor's No. 201004070247.  Complaint, Ex. E.  As a result of Plaintiff's default on the loan, on or around April 14, 2010, the Trustee

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 4
No.:  2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

executed a Notice of Trustee's Sale.  Complaint, Ex. D.  The Notice of Trustee's Sale was recorded under Snohomish County Auditor's No. 201004160373.  *Id*.  Prior to the recording of the Notice of Trustee's Sale, Chase executed a Beneficiary Declaration indicating that it is the actual holder of Plaintiff's Note or that it has the statutory authority to enforce the Note.  Complaint, Ex. O.   The Trustee's Sale set for July 16, 2010, was postponed, and ultimately cancelled when Plaintiff filed a Chapter 7 bankruptcy petition.  *See In re Mize*, Case No. 10-16354-KAO, Dkt. 1

On or around May 4, 2011, the Trustee recorded a second Notice of Trustee's sale under Auditor's No. 201105040102, setting a sale date of August 11, 2011.  Complaint, Ex. C.  That sale was also cancelled at Chase's election when this lawsuit was filed

Prior to initiating this lawsuit, Plaintiff sent a letter to Chase, dated March 3, 2010.  Complaint, Ex. K.  The letter, which purported to be a Qualified Written Request under the Real Estate Settlement Procedures Act,  requested information regarding the loan, specifically, the identity of the holder of the Note, securitization information, loan transaction history, and also that the original Note be made available for Plaintiff's inspection.

By letter dated June 2, 2010, Chase responded to Plaintiff's correspondence and addressed Plaintiff's requests.  Complaint, Ex. L.  Included in Chase's response were copies of the Note, security instrument, loan transaction history, and information identifying Chase as the servicer of the loan.

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 5
No.: 2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

## IV.    ISSUE PRESENTED

Whether Summary Judgment is appropriate where there are no issues of material fact and Chase is entitled to summary judgment as a matter of law dismissing Plaintiff's claims.

## V.    EVIDENCE RELIED UPON

This motion is based upon the records and pleadings filed herein and the Declaration of Devra Featheringill and the exhibits thereto.

## VI.    AUTHORITY

**A.  Summary Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FRCP 56(c)(2).  S*ee also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The purpose of the rule requiring the adverse party to set forth genuine material fact issues is to strengthen summary judgment by preventing sham issues and avoiding lengthy trials.  *U.S. v. Gossett,* 416 F.2d 565, 567 (9th Cir.1969), *cert. den'd.,* 90 S.Ct. 992, 397 U.S. 961, 25 L.Ed. 2d 253 (1970).

A genuine issue of material fact does not exist where there is insufficient evidence for a reasonable fact-finder to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  In order to defeat a motion for summary judgment, the non-moving party bears the burden of making more than conclusory allegations, or speculative or argumentative assertions that material facts are in dispute.  *Wallis v. J.R. Simplot Co.,* 26 F.3d

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 6
No.: 2:11-cv-01245-MJP

885, 890 (9th Cir. 1994).   Summary judgment is appropriate here as there are no material

facts in dispute and Chase is entitled to judgment as a matter of law.

**B.  Plaintiff's Claims Related to the Foreclosure Are Moot**

Plaintiff's Complaint alleges a number of claims related to the foreclosure

proceedings that were initiated on the Property.   Included in those claims are various

violations of the Deed of Trust Act, specifically that the foreclosure documents improperly

identified Chase as the owner of his Note, and that Chase was not entitled to initiate

foreclosure against him.   As stated above, the foreclosure proceedings against the Property

have been cancelled.

A case becomes moot "when the issues presented are no longer 'live'."   *Powell v.

McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).   *Pitts v. Terrible

Herbst, Inc.*, 653 F.3d 1081, 1086-87 (9th Cir. 2011).   Stated another way, "if events

subsequent to the filing of the case resolve the parties' dispute, [the court] must dismiss the

case as moot."   *Id*. (*citing Stratman v. Leisnoi, Inc.,* 545 F.3d 1161, 1167 (9th Cir.2008);

*DHX, Inc. v. Allianz AGF MAT, Ltd.,* 425 F.3d 1169, 1174 (9th Cir.2005).   Specific to

foreclosure, where a trustee's sale does not take place, and has expired by operation of law,

the claims related to that foreclosure are rendered moot.   *Olander v. ReconsTrust Corp*.,

2012 WL 686980, * 1 (W.D. Wa., March 2, 2012).The trustee's sale that was set for

August 11, 2011, was cancelled, and cannot be reset.   Plaintiff's purported claims arising

from the initiated but now-cancelled foreclosure proceedings are no longer live, and must

thus be dismissed.

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 7
No.: 2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

**C.  Plaintiff Has No Viable Claim Under the Deed of Trust Act**

Plaintiff does not dispute that he is in default on his obligations under the Note. Rather, his Complaint contains allegations that Chase violated Washington's Deed of Trust Act ("DTA").  As stated above, Plaintiff claims that the foreclosure documents improperly identified Chase as the owner of his Note, and that Chase was not entitled to initiate foreclosure against him.  In short, despite the way his claims are phrased, they are ultimately claims for wrongful initiation of foreclosure, which Washington courts do not recognize.   Furthermore, Plaintiff's flawed claims regarding Chase's entitlement to foreclose are a misreading of Washington law.  Thus, even if Plaintiff's foreclosure-related claims were not moot, they fail as a matter of law.

*1.        There is no cause of action for wrongful initiation of foreclosure.*

Washington law does not recognize an action for wrongful initiation of foreclosure. As many Washington courts have recognized, "there is no cause of action for damages for the wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale has occurred."  *Olander*, 2012 WL 686980 at * 1 (*citing Vawter v. Quality Loan Serv. Corp. of Washington*, 707 F. Supp. 2d 1115, 1123 (W.D. Wash. 2010)); *see also Frase v. U.S. Bank*, 2012 WL 1658400 (W.D. Wa, May 11, 2012, *Pfau v. Wash. Mutual, Inc.*, No CV-08-00142-JLQ, 2009 WL 484448, at *12 (E.D. Wash. Feb. 24, 2009); *Krienke v. Chase Home Fin., LLC,* 140 Wn. App. 1032, 2007 WL 2713737, at *5 (Wash. Ct. App. 2007); *see also Henderson v. GMAC Mortgage Corp.*, No. C05-5781RBL, 2008 WL 1733265, at *5 (W.D. Wash. Apr. 10, 2008).  Indeed, absent a Trustee's sale of the property, a claim

for wrongful foreclosure must be dismissed as a matter of law.  *Vawter,* 707 F.Supp.2d at 1124.

Despite the way they are phrased, Plaintiff's claims amount to a claim for wrongful initiation of foreclosure.  No trustee's sale has occurred, or is scheduled to take place, thus Plaintiff's claims related to the DTA must be dismissed as a matter of law.

2.    *Plaintiff has no DTA claim against Chase.*

Plaintiff alleges that the Notice of Default sent to him improperly listed Chase as the owner of his note.  The Notice of Default, however, was prepared by Northwest Trustee Services, not Chase.  Indeed, Chase executed a Beneficiary Declaration that identified itself as the note's *servicer*.  To the extent that the note's owner was misidentified on the Deed of Trust, 1) the issue is moot since the sale was cancelled, 2) Chase only identified itself as the note's servicer in the Declaration that it executed, and 3) any error that was made did not damage Plaintiff.  Indeed, even if there was an error, there is no evidence that shows Chase ever represented itself as anything other than the Note's servicer.

Plaintiff further seems to allege that, since it is not the owner of his Note, it is not entitled to enforce it through the initiation of foreclosure.  The "holder" of a negotiable instrument, such as a promissory note, is entitled to enforce that instrument.  RCW §62A.1-301(i). A "holder" is the person who possesses the instrument payable to a its bearer.   RCW §62A.1-201.  A note indorsed in blank is payable to the bearer.  RCW §62A.3-205.

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 9
No.:  2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

Contrary to Plaintiff's assertion, whether Chase is the "owner" of the note is not relevant to its authority to enforce the Note. *See In re Reinke*, BR 09-19609, 2011 WL 5079561 at *11 (Bankr. W.D. Wash. Oct. 26, 2011) (*citing Veal v. American Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 912 (9th Cir. BAP 2011) ("The issue of ownership, however, is largely immaterial...[b]ecause under Washington law the focus of the analysis is on who is the *holder* of the note, and thus the beneficiary under the [DTA].") (emphasis added).  Here, as the Court pointed out in *Veal*, there is no prejudice to the Plaintiff.

In short, Chase is the holder of Plaintiff's Note because it is in possession of the Note, indorsed in blank Chase established its interest in and claim to the Property by producing a declaration stating that it is the holder of the Note, together with the indorsed Note and Deed of Trust.

**D.  As a Matter of Law, Plaintiff's Letter is not a Qualified Written Request**

*1.  Plaintiff's letter was not a QWR for the purposes of RESPA.*

Plaintiff alleges that Chase failed to substantively respond to a "Qualified Written Request," (QWR) in violation of RESPA.   Complaint, ¶ 3.2.2.   Under 12 U.S.C. § 2605(e), "any servicer of a federally related mortgage loan" must respond in writing to a qualified written request from a borrower for information relating to the servicing of the loan.  A "qualified written request" is defined as:

> [A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 10
No.: 2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

(i) includes or otherwise enables the servicer to identify, the name and account of the borrower; and

(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).   To qualify as a QWR under RESPA, a borrower's communication regarding his or her loan must relate to the *servicing* of such loan. 12 U.S.C. § 2605(e)(1)(A).

"Servicing," in this context, "means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan * * * and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).  If a borrower's communication does not meet these criteria, it is not a QWR.

In this case, Plaintiff alleges that he sent a letter to Chase, which he designated a "Qualified Written Request (QWR), Dispute of Debt (Dispute) and Debt Validation Demand (Demand)."  Complaint, ¶ 2.11; Ex. K.   However, Plaintiff's letter is not a QWR as defined by RESPA.  Plaintiff's letter, dated March 3, 2010, requested that Chase produce a number of documents including the loan documents, anything identifying the investor, pooling and servicing documents, custodial agreements, issuer agreements, documents related to the trustee of the deed of trust, a loan transaction history, and other documentation.  The letter did not contain the hallmarks of a QWR, i.e., specific disputes or questions regarding the periodic payment of the debt.

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 11
No.: 2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

It is clear that this type of correspondence submitted by Plaintiff is not covered by Section 2605.  Federal courts in the 9th Circuit have held that broad requests for information and documentation related generally to Plaintiffs' loan are not covered by Section 2605.  *Derusseau v. Bank of Am., N.A.,* 2011 WL 5975821, at *4 (S.D.Cal. Nov.29, 2011); *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1013-14 (N.D. Cal. 2009) (inquiry that sought information pertaining to validity of loan was not a QWR).  Further, an "accusation of unlawful conduct, demand to produce loan documents for inspection and a threat of legal action was not a QWR."  *King v. American Mortgage Network, Inc.*, 2010 WL 3516475, *2 (D. Utah Sept. 2, 2010).

Furthermore, it is well established that "[t]he RESPA and the QWR regulations were not designated, and should not be used, as a vehicle to permit in default borrowers to flood their lender with documentary requests, on the hope that a failure to timely comply will lead to an affirmative cause of action, or a defense to a collection or foreclosure action."  *Eifling v. National City Mortgage,* No. CV10-5713 RBL, 2011 WL 893233 (W.D. Wash. Mar. 15, 2011).

   2.  *Plaintiff suffered no damages as a result of Chase's alleged failure to respond*

Despite Plaintiff's allegation to the contrary, Chase adequately responded to the letter he terms a QWR.  Even assuming the two premise underlying Plaintiff's claim is true, i.e., that his letter qualifies as a QWR for the purposes of the statute, he has not (and cannot) establish that he suffered any damages as a result of Chase's alleged failure.

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 12
No.:  2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1    Section 2605 requires a plaintiff to allege the "actual damages" he suffered as a

2   result of the failure to respond to a QWR.  12 U.S.C. § 2605(f)(1); *Ballard v. Chase Bank*

3   *USA, NA,* Civil No. 10cv790 L(POR), 2010 WL 5114952 (S.D. Cal. Dec. 9, 2010);

4   *Burgett v. Mortgage Electronic Registration Systems, Inc.*, Civ. No. 09-6244-HO , 2010

5   WL 4282105 (D. Or. October 20, 2010).  Plaintiff alleges no damages in connection with

6   Chase's alleged failure to respond to his "QWR."   At the very least, then, even if his

7   letter did meet the definition of a QWR, his RESPA claim is subject to dismissal.  *See,*

8   *e.g., Fullmer v. J.P. Morgan Chase Bank, NA*, 2010 WL 95206 *6 (E.D. Cal. Jan. 6,

9   2010) ("A claim of a RESPA violation cannot survive a motion to dismiss when the

10   plaintiff does not plead facts showing how the plaintiff suffered actual harm due to

11   defendant's failure to respond to a [QWR]."); *Gorham-DiMaggio v. Countrywide Home*

12   *Loans, Inc.*, 2009 WL 1748743 (N.D.N.Y. June 19, 2009) (dismissing the plaintiff's

13   RESPA claim because of the plaintiff's failure to "allege actual damages and the

14   proximate cause of the breach of duty to those damages").

15        *3.   Plaintiff's citation to the FDCPA is inapposite.*

16        Plaintiff appears to suggest that RESPA requires the cessation of debt collection

17   activities "until the debt has been validated."   Complaint, ¶ 2.12.  Plaintiff's citation in

18   support of this assertion is to the Fair Debt Collection Practices Act ("FDCPA"), not

19   RESPA.   RESPA contains no such provision, and the FDCPA does not apply to Chase.

20   Thus, his claim fails as a matter of law.

21

22

23

24

25   JPMORGAN CHASE BANK'S MOTION          BISHOP WHITE, MARSHALL & WEIBEL, P.S.
     FOR SUMMARY JUDGMENT- 13                    720 OLIVE WAY, SUITE 1201
     No.: 2:11-cv-01245-MJP                    SEATTLE, WASHINGTON 98101-1801
                                              206/622-5306  FAX:  206/622-0354

The FDCPA sets forth requirements and prohibitions on certain parties, defined as "debt collectors."  Among those is as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, *a debt collector* shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> ***
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*…

15 U.S.C. §1692(a) (emphasis added).  The statute further states:

> If the consumer notifies the *debt collector* in writing within the *thirty-day period described in subsection (a)* of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the *debt collector* obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer *by the debt collector*.

15 U.S.C. §1692(g) (emphasis added).

Plaintiff's reference to this requirement contained in the FDCPA cannot be the basis for a claim against Chase, because Chase is not a debt collector for the purposes of the Act.  Indeed, "[t]he FDCPA's definition of debt collector '*does not include* the consumer's creditors, a mortgaging servicing company, or any assignee of the debts, so long as the debt was not in default at the time it was assigned.'"  *Nool v. HomeQ Servicing*, 653 F.Supp.2d 1047, 1053 (ED. Cal, 2009).  Chase the servicer of the Plaintiff's loan, and is thus not a "debt collector" bound by the FDCPA.

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 14
No.: 2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1      Ultimately, Plaintiff cannot maintain an action for a violation of RESPA because

2  even if his letter did qualify as a QWR under RESPA (which it does not), Plaintiff cannot

3  show that he suffered any damages as a result of Chase's alleged failure to adequately

4  respond.  Finally, RESPA places no obligation upon Chase to cease collection activities

5  upon receipt of his letter disputing the debt.  Based upon the foregoing, Chase should be

6  granted summary judgment dismissing Plaintiff's RESPA claims.

7      **E.  Plaintiff Cannot Maintain An Action Under TILA**

8      Although it is somewhat unclear in his Complaint, Plaintiff appears to seek

9  statutory damages under the Truth in Lending Act (TILA).   In the instant matter, Plaintiff

10  appears to base his TILA claim on what he alleges was Chase's failure to identify the

11  master servicer of his loan, as required by 15 U.S.C. § 1641(f)(2).  Complaint, ¶ 3.3.2.  At

12  the outset, Plaintiff's claim is without merit on its face, since Chase responded

13  appropriately to his written request for identification of the servicer of the loan.

14      Furthermore, Plaintiff's claim is barred by the statute of limitations.   TILA

15  provides, "Any action under this section may be brought . . . *within one-year* of the

16  occurrence of the violation."   15 U.S.C. §1640(e).   "[A]s a general rule the limitations

17  period starts at the consummation of the transaction."  *King v. California*, 784 F.2d 910,

18  915 (9th Cir. 1986).  The limitation period may be subject to equitable tolling "in certain

19  circumstances," such as when a borrower might not have had a reasonable opportunity to

20  discover the alleged violations within the one-year period.   *Id*; *see also Meyer v.*

21  *Ameriquest Mortg. Co.*, 342 F.3d 899, 902-903 (9th Cir. 2003) (dismissing equitable tolling

22

23

24

25  JPMORGAN CHASE BANK'S MOTION          **BISHOP WHITE, MARSHALL & WEIBEL, P.S.**
FOR SUMMARY JUDGMENT- 15                    720 OLIVE WAY, SUITE 1201
No.: 2:11-cv-01245-MJP                       SEATTLE, WASHINGTON 98101-1801
                                        206/622-5306  FAX:  206/622-0354

of TILA claim because plaintiff did not alleged any actions that would have prevented discovery of alleged TILA violations).

Plaintiff suggests that Chase did not provide the owner of his note or the master servicer of his loan when he requested that information in the letter he termed a QWR.  In that letter, he asked the following:

> 62.    Is your company the servicer of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

*See* Complaint, Ex. K.  Chase responded by letter on June 2, 2010, and answered Plaintiff's question as follows:  Chase Home Finance is the servicer of the mortgage loan.  See Complaint, Ex. L.   In short, Chase identified itself as the servicer in response to Plaintiff's written request.

Furthermore, even if Plaintiff did have a viable cause of action under § 1641(f)(2), his claim is barred by the statute of limitations.  The alleged "violation" occurred when Chase responded to Plaintiff's letter, or on June 2, 2010.   The one-year statute of limitations, then, expired on June 2, 2011, more than a year before Plaintiff filed his Complaint on July 27, 2011.  As a result, any claim he has arising from the letter expired prior to the filing of this lawsuit.  Plaintiff's TILA claim is without merit and should be dismissed.

### F.  Plaintiff's FDCPA Claims Fail As a Matter of Law

As described in detail above, Plaintiff's claims related to the Fair Debt Collections Practices Act ("FDCPA") are flawed at the outset because Chase is not a "debt collector" as defined within the Act.  Plaintiff's claim is also based at least in part on Chase's

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 16
No.: 2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

activities with respect to the cancelled foreclosure proceedings on the Property. *See* Complaint, ¶ 3.4.3. Specifically, Plaintiff claims Chase violated the FDCPA by directing the trustee to initiate the foreclosure. *Id.* To the extent that his FDCPA claim is based upon these actions, it fails as a matter of law, because foreclosure-related activities are not subject to the provisions of the FDCPA. *See, e.g., Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). As the *Hulse* Court explained:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

*Id.*, 195 F.Supp.2d at 1204; *see al*so *Trent v. Mortgage Elec. Registration Sys.*, 618 F.Supp.2d 1356, 1360 (M.D. Fla. 2007) (explaining that a mortgage foreclosure action itself does not qualify as a "debt collection" under the FDCPA and adopting the reasoning of *Hulse*); s*ee, also*, (*citing Hulse v. Ocwen Federal Bank*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002)). [1]

Because Chase's actions fall squarely outside the purview of the FDCPA, and is not a "debt collector" subject to the Act's provisions, Plaintiff cannot establish a claim

---

[1]  *See also Roman v. Northwest Trustee Services, Inc.*, 2010 WL 5146593 (W.D. Wa. December 13, 2010); *Parker v. Greenpoint Mortgage Funding, Inc.*, 2011 WL 2923949 (D. Nev. July 15, 2011); *Aniel v. T.D. Serv. Co.,* 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010)*; Powell v. Mortgage Residential Capital,* 2010 WL 2133011, at * 6 (N.D. Cal., May 24, 2010)*; Diessner v. Mortg. Elec. Reg. Sys.,* 618 F.Supp. 1184, 1188-89 (D. Ariz. 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp 2d 1178, 1182 (D. Ariz. 2009); *Gallegos v. Recontrust Co.*, 2009 WL 215406, at *3 (S.D. Cal., Jan. 29, 2009).

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 17
No.: 2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1   based upon the Act.  Chase is entitled to judgment dismissing Plaintiff's FDCPA claims as

2   a matter of law.

3   **G.  Plaintiff Cannot Sustain a Claim Under the Fair Credit Reporting Act**

4       Plaintiff claims that Chase furnisher information to credit reporting agencies that was

5   "inaccurate or incomplete."   Again, Plaintiff does not dispute that he has defaulted on the

6   loan.  Instead, Plaintiff claims that he disputed the foreclosure proceedings to Chase, but that

7   Chase did not report to the agencies that the account was in dispute.   Even assuming

8   *arguendo* that this is true, it still does not create the basis for a claim against Chase for a

9   violation of the Fair Credit Reporting Act ("FCRA").

10      The FCRA imposes two duties on furnishers of information, codified at 15 U.S.C.

11  §§ 1681s-2 (a) and (b).  Subsection (a) relates to the furnishers' duty to report accurate

12  information and their ongoing duty to correct inaccurate information.   Included within

13  those duties is the obligation to refrain from furnishing information that the furnisher has

14  reason to believe is inaccurate, and to provide credit reporting agencies ("CRAs") with notice

15  when a consumer disputes a debt.  *Id.*  Section 1681s-2(a) provides in relevant part as

16  follows:

17      A person shall not furnish any information relating to a consumer to
18      any consumer reporting agency if the person knows or consciously
19      avoids knowing that the information is inaccurate.  A person shall
        not furnish information relating to a consumer to any consumer
20      reporting agency if (i) the person has been notified by the consumer
        . . . that specific information is inaccurate; and (ii) the information
21      is, in fact, inaccurate.  A person who . . . has furnished to a
        consumer reporting agency information that the person determines is
22      not complete or accurate, shall promptly notify the consumer
23      reporting agency of that determination and provide to the agency
        any corrections to that information, or any additional information,
24

25  JPMORGAN CHASE BANK'S MOTION          BISHOP WHITE, MARSHALL & WEIBEL, P.S.
    FOR SUMMARY JUDGMENT- 18                      720 OLIVE WAY, SUITE 1201
    No.: 2:11-cv-01245-MJP                      SEATTLE, WASHINGTON 98101-1801
                                                206/622-5306  FAX:  206/622-0354

1
2
3

> that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

4

15 U.S.C. §§ 1681s-2(a)(1) and (2).

5
6

The duties imposed by § 1681s-2(a) are only enforceable by federal or state agencies.

7

15 U.S.C. § 1681s-2(d).  In other words, there is no private right of action to enforce the

8

FCRA with respect to alleged non-compliance with the requirements of § 1681s-2(a); the

9

statute explicitly excludes a private right of action for furnishing inaccurate information.

10

*Id.*, *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009)

11

("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state

12

agencies."); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir.

13

2002).  Thus, even if Plaintiff was correct in his allegation that Chase's reports to the CRAs

14

were inaccurate, he has no private right of action to this claim.

15

To the extent that a private right of action exists under the FCRA, it is found in Subsection

16

(b).  Subsection (b) imposes a duty upon furnishers to take certain actions upon receiving a

17

notice of disputed debt *from a CRA*.  15 U.S.C. § 1681s-2(b).  Specifically, subsection (b)

18

requires *that in response to a CRA's notice* that the customer has disputed the "completeness

19

or accuracy of any information provided by [the furnisher]," the furnisher must, among

20

other things, investigate the dispute, report the results of the investigation to the CRA, and,

21

in the event that the information was inaccurate, report that to all CRAs to which the

22

furnisher provides information.  *Id*.  In short, subsection (b) is triggered when the furnisher

23

receives notice of a dispute from the CRA.  15 U.S.C. § 1681s-2(b).

24
25

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 19
No.: 2:11-cv-01245-MJP

**BISHOP WHITE, MARSHALL & WEIBEL, P.S.**
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

Thus, s a threshold matter for a private right of action under the FCRA, a plaintiff must show he disputed the debt under § 1681i, *and* that the furnisher received notice from a CRA that a debt was disputed. *Id; see also Fitzgerald v. PNC Bank*, 2011 WL 1542138, at *4 (D. Idaho April 21, 2011); *Krieg v. Allstate Financial Services*, 250 Fed.Appx. 830, 2007 WL 297065 (9th Cir. 2007) (plaintiff failed to state a claim where he did not allege that he gave notice to a CRA or that furnisher failed to investigate the dispute).

Advising the furnisher of information directly without also advising the credit reporting agencies of a dispute is insufficient to establish a cause of action under the FCRA.[2]   In *Peasley v. Verizon Wireless (VAW) LLC*, 364 F.Supp.2d 1198 (S.D. Cal. 2005), the court dismissed plaintiff's FCRA claim for failure to state a claim upon which relief could be granted because in order for the duty of a furnisher of information to be triggered, the furnisher must first have received notice of the dispute from the credit reporting agency, not directly from the consumer.

Plaintiff has not alleged that he disputed the debt with a CRA and, therefore, cannot show that a CRA provided notice of a disputed debt to Chase.  Indeed, Plaintiff cannot set forth any claim based upon § 1681s-2 (b).

---

[2] The FCRA notice requirements make sense considering credit reporting is not within the complete control of the furnisher.  Credit reporting agencies can make errors in reporting.  Congress has explained that the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer."  15 U.S.C. § 1681(b).  Thus, credit reporting agencies have their own duty to investigate disputes.  *See* 15 U.S.C. §1681i.  Only once the agency has been notified of a dispute can it be required to conduct its own "reasonable investigation, including notifying the furnisher of the information about the dispute."  15 U.S.C.

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 20
No.: 2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

**H.  Plaintiff 's Consumer Protection Act Claim Fails as a Matter of Law**

*1.  Standard*

To establish a claim under the Consumer Protection Act ("CPA"), Plaintiff must show (1) an unfair act or deceptive act or practice, (2) occurring in trade, (3) affecting the public interest, (4) injury, and (5) a causal link between the act and resulting injury.  *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 784, 719 P.2d 531 (1986).  If any of the elements is not established, a Consumer Protection Act claim cannot stand.  *See Robinson v. Avis Rent A Car Sys., Inc.*, 106 Wn. App. 104, 114, 22 P.3d 818 (2001).

Here, Plaintiff's CPA claim stems from his allegation that Chase wrongly initiated foreclosure proceedings.  Specifically, he states that Chase caused NWTS to initiate foreclosure when it "knew it did not have ownership of the promissory note."  As established above, ownership of the note is not relevant to who can foreclose; as holder of the Note, Chase was entitled to foreclose on the Note.  Thus, Plaintiff cannot even meet the threshold requirement of a CPA claim- that Chase engaged in an unfair or deceptive act- and his claim should be dismissed.

*2.     Chase Did Not Engage in an Unfair Act.*

In order to show that Chase committed an unfair or deceptive act, Plaintiff must establish that "'an act or practice has a capacity to deceive a substantial portion of the public' or that 'the alleged act constitutes per se unfair trade practice.'"  *Saunders v.*

§1681i(a)(1), (2).  Unless the agency is notified of a dispute it cannot take appropriate action to

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

*Lloyd's of London*, 113 Wn.2d 330, 344, 779 P.2d 249 (1989) (*quoting Hangman Ridge*, 105 Wn.2d at 785-86).  In this case, Plaintiff can establish neither.

Plaintiff alleges that Chase's "unfair act" was "causing NWTS to initiate a non-judicial foreclosure sale."  Complaint, ¶ 3.6.4.10.  The entire premise of Plaintiff's CPA claim against Chase is based upon his assertion that Chase did not have the authority to commence foreclosure.   As detailed thoroughly above, Chase is the holder of Plaintiff's obligation and is entitled to enforce it.  Quite simply, there is no question of fact regarding Chase's entitlement to initiate foreclosure.  As a result, the very premise upon which Plaintiff's CPA claim rests is baseless.

   *3.  Plaintiff Cannot Establish the Public Interest Element.*

Plaintiff also cannot produce any evidence that will create an issue of material fact with respect to the public interest element.  The public interest element of a Consumer Protection Act claim is met where the claimant establishes (1) the act was committed in the course of business, (2) the act was a part of a pattern or course of conduct, (3) repeated similar acts were committed prior to the act involving the plaintiff, and (4) there is a potential for repetition of the act.  *Anderson v. Valley Quality Homes, Inc.*, 84 Wn.App. 511,  521, 928 P.2d 1143 (1997).  Pure speculation that there is any potential for repetition of the act is not sufficient to show a public interest impact.    *Sato v. Century 21 Ocean Shores Real Estate*, 101 Wn.2d 599, 603, 681 P.2d 242 (1984).   Whether the public

investigate or correct its own reporting.

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 22
No.: 2:11-cv-01245-MJP

**BISHOP WHITE, MARSHALL & WEIBEL, P.S.**
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1  interest element has been met is a question of fact.  *See Hangman Ridge*, 105 Wn.2d at

2  789-90.

3          Plaintiff cannot establish the public interest element without first showing that

4  Chase engaged in an unfair or deceitful act, which he cannot do.  Furthermore, Plaintiff's

5  baseless speculation that Chase's actions led the lowering of home values is not sufficient

6  to meet the public interest element of a CPA claim.  Ultimately, at the very most, Plaintiff

7  can show that a technical error was made by NWTS on his Notice of Default.   His

8  speculation is simply not adequate to support the public interest prong of the CPA.

9          *4.  Plaintiff Has Not Been Damaged*

10          In addition to the foregoing, Plaintiff cannot establish that he has been damaged by

11  actions of Chase.  At the outset, since the sale of the Property has been cancelled, Plaintiff

12  cannot show he was damaged by the initiation of the foreclosure proceedings.  *See In re*

13  *Reinke*, BR 09-19609, 2011 WL 5079561 (Bankr. W.D. Wash. Oct. 26, 2011).

14  Furthermore, Chase's initiation of foreclosure was proper, so even if he could recover

15  damages based on wrongful initiation of initiation, such a claim would not be applicable

16  here.  Ultimately, Chase did not engage in deceptive or unfair acts, no public interest is

17  implicated, and Plaintiff has suffered no damages.  Thus, he fails to meet the elements of a

18  claim under the Consumer Protection Act, and his claim should be dismissed as a matter of

19  law.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  JPMORGAN CHASE BANK'S MOTION
    FOR SUMMARY JUDGMENT- 23
    No.:  2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1

## IV.   CONCLUSION

Based upon the foregoing, Chase respectfully requests that the Court grant its Motion for Summary Judgment and dismiss all of Plaintiff's claims against it with prejudice.

DATED this 17th day of August, 2012.

By: /s/Devra Featheringill
Devra Featheringill, WSBA #32182
BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 Olive Way, Suite 1201
Seattle, WA  98101-1801
Telephone: 206-622-5306
Fax:  206-622-0354
E-Mail: dfeatheringill@bwmlegal.com
Attorneys for Defendant JPMorgan Chase Bank, N.A.

JPMORGAN CHASE BANK'S MOTION
FOR SUMMARY JUDGMENT- 24
No.:  2:11-cv-01245-MJP

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on the 17th day of August, 2012, I electronically filed the

3 foregoing with the Clerk of the Court for the United States District Court, Western District of

4 Washington by using its CM/ECF system which will send notification of such filing to the

5 following CM/ECF participants:

6
Heidi E. Buck                               [  ] By United States Mail
7 Routh Crabtree Olsen                    [ X ] By CM/ECF
13555 SE 36th St, Ste 300               [  ] By Federal Express
8 Bellevue, WA  98006                     [  ] By Facsimile
*Attorney for Defendant Northwest Trustee*
9 *Services*
[  ] By United States Mail
10 Bryan D. Mize                          [ X ] By CM/ECF
20908 48th Ave W                         [  ] By Federal Express
11 Lynnwood, WA  98036                    [  ] By Facsimile
*Plaintiff Pro Se*
12

13      Signed this 17th day of August, 2012 at Seattle, Washington.

14                                          By:  s/Kay Spading_____
Kay Spading, Legal Assistant
15                                          Bishop, White, Marshall & Weibel, P.S.

16

17

18

19

20

21

22

23

24

25 JPMORGAN CHASE BANK'S MOTION           BISHOP WHITE, MARSHALL & WEIBEL, P.S.
FOR SUMMARY JUDGMENT- 25                    720 OLIVE WAY, SUITE 1201
No.:  2:11-cv-01245-MJP                     SEATTLE, WASHINGTON 98101-1801
                                            206/622-5306  FAX:  206/622-0354